IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>$200,030.21 IN FUNDS SEIZED FROM FIRST COMMONWEALTH BANK ACCOUNT ending 7570 HELD IN THE NAME OF K&D SEARCHES LLC; $185,723 IN FUNDS SEIZED FROM PEOPLES BANK ACCOUNT ENDING 8248 HELD IN THE NAME OF GARY D. ACUFF; AND $80,301.07 IN FUNDS SEIZED FROM DIGITAL FEDERAL CREDIT UNION ACCOUNT ENDING 3439 HELD IN THE NAME OF CHRISTOPHER LAWRENCE KOCAK,<br><br>DEFENDANTS. | Civil Action No. |

**VERIFIED COMPLAINT FOR FORFEITURE**

NOW COMES the plaintiff, United States of America, by Richard S. Moultrie, Jr., Acting United States Attorney, and Sekret T. Sneed, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its verified complaint for forfeiture:

1

## NATURE OF THE ACTION

1. This is a civil forfeiture action against funds that the United States seized as laundered proceeds of a business email compromise scheme involving a corporate victim located in the Northern District of Georgia.

## DEFENDANTS IN REM

2. The defendant property consists of the following funds:

   a. $200,030.21 in funds seized from First Commonwealth Bank account ending 7570 held in the name of K&D Searches LLC, on or about November 18, 2024, pursuant to a seizure warrant issued by the District Court for Bexar County, State of Texas;

   b. $185,723 in funds seized from Peoples Bank account ending 8248 held in the name of Gary D. Acuff, on or about November 18, 2024, pursuant to a seizure warrant issued by the District Court for Bexar County, State of Texas; and,

   c. $80,301.07 in funds seized from Digital Federal Credit Union account ending 3439 held in the name of Christopher Lawrence Kocak, on or about February 21, 2025, pursuant to a federal seizure warrant.

(collectively, "Defendant Property").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

6. The Defendant Property is presently being held in a government account maintained by the United States Secret Service.

## BASIS FOR FORFEITURE
### Relevant Statutes

7. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the property constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1349 (conspiracy to commit wire fraud).

8. The Defendant Property also is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the property constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud).

9. The Defendant Property also is subject to forfeiture pursuant to 18

U.S.C. § 981(a)(1)(A) on the grounds that the property constitutes property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(h) (money laundering conspiracy).

10. The Defendant Property also is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that the property constitutes property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (concealment money laundering).

11. The Defendant Property also is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that the property constitutes property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957 (transactional money laundering).

**Factual Background**

*Regions Bank Account Ending 0788 Received over $1.5 Million in Fraud Proceeds*

12. On or about November 12, 2024, Regions Bank requested assistance from the United States Secret Service (USSS) relating to a suspected business email compromise scheme.

13. Specifically, Regions Bank informed USSS that, on or about October 21, 2024, Regions Bank account ending 0788 received an electronic transfer of funds in the amount of $803,511.52 from Bank of OZK account ending 8833, held

4

in the name of Company A-1.

14. The beneficiary of the wire was listed as Company B, which was not the name on the Regions Bank account that received the funds.

15. Approximately two weeks later, on or about November 4, 2024, Company A-1 electronically transferred additional funds, that is, $729,957.08, from its Bank of OZK account to Regions Bank account ending 0788.

16. Regions Bank account ending 0788 was held in the name of Otto K. Salm dba Saleh Consultings, with an address of record in Salem, Alabama. Otto K. Salm was the sole signatory on the account.

17. Soon after the deposits into Regions Bank account ending 0788 of the over $1.5 million in fraud proceeds, there were multiple debits and withdrawals, including the following five (5) checks:

   a. Check number 1017, in the amount of $200,050.32, made payable to Gary Acuff.

   b. Check number 1018, in the amount of $200,030.21, made payable to K&D Searches LLC.

   c. Check number 1019, in the amount of $403,200.00, made payable to Otto K. Salm.

   d. Check number 1020, in the amount of $364,502.88, made

    payable to Otto K. Salm.

  e. Check number 1021, in the amount of $182,261.17, made payable to Gary Acuff.

18. As described more specifically below, the funds from each of these checks, including the Defendant Property, were proceeds of the business email compromise scheme.

19. The transfers of these proceeds, including transfers of the Defendant Property, were to, among other things, conceal the nature, source, location, ownership or control of the proceeds.

*Company A Was Defrauded into Transferring Funds to*
*Regions Bank Account ending 0788*

20. USSS's subsequent investigation revealed the following:

21. Company A-1 was a limited liability corporation with its principal place of business in Atlanta, Georgia.

22. Company A-1 owned an OZK Bank account ending 8833 in its name.

23. As part of an ongoing construction project, Company A-1 used an affiliate company, Company A-2, to manage accounting, including account payables.

24. On or about October 9, 2024 2:53 PM, an employee at Company A-2

received the following email message from an email account that the employee believed belonged to a legitimate vendor, Company B:

> Please advise the payment status for the attached Pay App #7 for the [. . .] project, I have important information regarding the payment.
>
> Your prompt response would be greatly appreciated.

25. This email, in fact, did not come from Company B. Instead, the email address had been slightly altered so that while the email address closely resembled the legitimate email address of Company B, it actually was a spoofed email account controlled and operated by bad actors.

26. The next day, on October 10, 2024 10:22 AM, Company A-2 employee received the following email from the fake Company B email account:

> I checked with our bank, and I confirm that we received the payment for pay app 5. Please note that we are going through audit, so we have stopped receiving payment into our primary bank account due to this, [sic] In the meantime we would prefer the payment for pay app 6 that is scheduled to be pay [sic] next week on the 15th to be paid into our secondary bank account via ACH, please let me know if that is possible so I can send through our secondary bank information for the payment.

7

Your prompt response will be greatly appreciated.

27. Company A-2 employee, not knowing that she/he was communicating with a spoofed Company B email account, directed the fake Company B to notify Company A-1 directly regarding the change in bank account information.

28. Accordingly, on October 10, 2024 10:39 AM, the spoofed Company B email account emailed Company A-1 to change its banking information to Regions Bank account ending 0788 as the new bank account.

29. Company A-1 requested a completed W9, voided check and completed ACH Credit Authorization Form, to process the change.

30. The Company B spoofed email account forwarded the requested documents to Company A-1.

31. Each of the documents forwarded by the Company B spoofed email account appear to be altered and fraudulent.

32. Company A-1 further requested verbal confirmation from Company B to process the change in banking information.

33. Company A-1 subsequently spoke to a person, who represented that he was an employee at Company B, and confirmed the change in bank account information.

34. The investigation further revealed that this person was not a Company B employee, but was, in fact, conspiring with the bad actors to change the bank account that Company A-1 would send payments legitimately intended for company B.

35. Mislead to believe that all of the communications and documents were legitimate, Company A-1 changed the bank account information for Company B to Regions Bank account ending 0788.

36. Company A-1 and Company A-2 then electronically transferred funds to Regions Bank account ending 0788 as payment for Company B's legitimate work.

37. Company A-1 and Company A-2 did not become aware of the fraud until notified by Regions Bank.

*Defendant $200,030.21 Seized from First Commonwealth Bank Account Ending 7570*

38. As described in paragraph 17, above, shortly after Company A-1 electronically transferred funds to Regions Bank account ending 0788 on October 21, 2024, check number 1018, made payable to K&D Searches LLC, in the amount of $200,030.21, was written from that account.

39. The USSS investigation revealed that check number 1018 was deposited into First Commonwealth Bank account ending 7570 held in the name

of K&D Searches LLC.

40. First Commonwealth Bank account ending 7570 was opened on October 24, 2024, *i.e.*, three days after Company A-1 was defrauded into first transferring funds into Regions Bank account ending 0788.

41. The first deposit into First Commonwealth Bank account ending 7570 was check number 1018 from Regions Bank account ending 0788.

42. USSS seized Defendant $200,030.21 from First Commonwealth Bank account ending 7570 on or about November 18, 2024, pursuant to a seizure warrant issued by the District Court for Bexar County, State of Texas.

*Defendant $185,723 Seized from Peoples Bank Account Ending 8248*

43. As described in paragraph 17, above, shortly after Company A-1 electronically transferred funds to Regions Bank account ending 0788, check number 1017, made payable to Gary Acuff, in the amount of $200,050.32 and check number 1021, made payable to Gary Acuff, in the amount of $182,261.17 were written on the account.

44. The USSS investigation revealed that both checks were deposited into Peoples Bank account ending 8248 held in the name of Gary Acuff.

45. Gary Acuff was the sole signer on this account.

46. USSS seized Defendant $185,723 from Peoples Bank account ending

8248 on or about November 18, 2024, pursuant to a seizure warrant issued by the District Court for Bexar County, State of Texas.

*Defendant $80,301.07 Seized from Digital Federal Credit Union Account Ending 3439*

47.   As described in paragraph 17, above, shortly after Company A-1 electronically transferred funds to Regions Bank account ending 0788, check number 1019, made payable to Otto K. Salm, in the amount of $403,200, and check number 1020, made payable to Otto K. Salm, in the amount of $364,502.88, were written on the account.

48.   The investigation revealed that both checks were deposited into PNC Bank account ending 3951, held in the name of Otto K. Salm.

49.   There were multiple disbursements of the fraud proceeds from PNC Bank account ending 3951, including check number 212, made payable to Michael Leo Papania, in the amount of $202,003.89, on October 28, 2024.

50.   The investigation revealed that check number 212, written on PNC Bank account ending 3951, was deposited into Gulf Credit Union account ending 247 on October 28, 2024.

51.   Gulf Credit Union account ending 247 was held in the name of Michael Leo Papania, with an address in Port Arthur, Texas. Michael Leo Papania was the sole signatory on this account.

52. The investigation further revealed that Gulf Credit Union account ending 247 made multiple outgoing transactions, including at least $216,000 to Digital Federal Credit Union account ending 3439.

53. The investigation revealed that Digital Federal Credit Union account ending 3439 was held in the name of Christopher Lawrence Kocak. Kocak was the sole signer on the account.

54. USSS seized Defendant $80,301.07 from Digital Federal Credit Union account ending 3439 on or about February 21, 2025, pursuant to a federal seizure warrant.

*Administrative Proceedings*

55. USSS elected not to initiate administrative proceedings against the Defendant Property.

**FIRST CLAIM FOR FORFEITURE**
**18 U.S.C. § 981(a)(1)(C)**

56. The United States re-alleges and incorporates by reference Paragraphs 1 through 55 of this Indictment as if fully set forth herein.

57. Based on the foregoing, the Defendant Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the funds constitute or were derived from proceeds traceable to a violation of 18 U.S.C. § 1349 (conspiracy to commit wire fraud).

## SECOND CLAIM FOR FORFEITURE
### 18 U.S.C. § 981(a)(1)(C)

58. The United States re-alleges and incorporates by reference Paragraphs 1 through 55 of this Indictment as if fully set forth herein.

59. The Defendant Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the funds constitute or were derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud).

## THIRD CLAIM FOR FORFEITURE
### 18 U.S.C. § 981(a)(1)(A)

60. The United States re-alleges and incorporates by reference Paragraphs 1 through 55 of this Indictment as if fully set forth herein.

61. The Defendant Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that the property constitutes property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(h) (money laundering conspiracy).

## FOURTH CLAIM FOR FORFEITURE
### 18 U.S.C. § 981(a)(1)(A)

62. The United States re-alleges and incorporates by reference Paragraphs 1 through 55 of this Indictment as if fully set forth herein.

63. The Defendant Property is subject to forfeiture to the United States

pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that the property constitutes property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (concealment money laundering).

### FIFTH CLAIM FOR FORFEITURE
### 18 U.S.C. § 981(a)(1)(A)

64. The United States re-alleges and incorporates by reference Paragraphs 1 through 55 of this Indictment as if fully set forth herein.

65. The Defendant Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that the property constitutes property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957 (transactional money laundering).

### PRAYER FOR RELIEF

WHEREFORE, the United States prays:

(1) that the Court forfeit the Defendant Property to the United States of America;

(2) that the Court award the United States the costs of this action; and

(3)     such other and further relief as the Court deems just and proper.

This 19th day of March 2025.

                                Respectfully submitted,

                                RICHARD S. MOULTRIE, JR.
                                  *Acting United States Attorney*
                                  600 U.S. Courthouse
                                  75 Ted Turner Drive SW
                                  Atlanta, GA 30303
                                  (404) 581-6000   fax (404) 581-6181

                            /s/SEKRET T. SNEED
                                  *Assistant United States Attorney*
                              Georgia Bar No. 252939
                              sekret.sneed@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>$200,030.21 IN FUNDS SEIZED FROM FIRST COMMONWEALTH BANK ACCOUNT ENDING 7570 HELD IN THE NAME OF K&D SEARCHES LLC; $185,723 IN FUNDS SEIZED FROM PEOPLES BANK ACCOUNT ENDING 8248 HELD IN THE NAME OF GARY D. ACUFF; AND $80,301.07 IN FUNDS SEIZED FROM DIGITAL FEDERAL CREDIT UNION ACCOUNT ENDING 3439 HELD IN THE NAME OF CHRISTOPHER LAWRENCE KOCAK,<br><br>DEFENDANTS. | Civil Action No. |

**VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Jeffrey McMickle, have read the complaint for forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This \_\_\_19th\_\_\_ day of March 2025.

_____
JEFFREY McMICKLE
SPECIAL AGENT
UNITED STATES SECRET SERVICE